## COCHRAN *v.* DEWEES et al.

Where an act of sale is offered in evidence by a party to prove the fact of the payment of the price of the thing purchased, but is admitted by the judge only to prove *rem ipsam*, and the party offering it neither excepted to the decision of the court in restricting its effect as evidence, nor in any way reserved the point, the correctness of the decision in restricting the effect of the evidence cannot be examined on appeal.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Greiner*, for the appellant. *F. B. Conrad*, for the defendants. The judgment of the court was pronounced by

EUSTIS, C. J. The defendants, sureties of *Winters*, city marshal of Lafayette, applied to the governor for their discharge, which was opposed by the plaintiff, on the ground that *Winters* had received the price of the adjudication of certain lots in Lafayette, purchased by the plaintiff, and that his title on a monition having been annulled, the purchase money ought to have been returned to him, and that the parties were liable on their bond for the default of *Winters* in retaining it. The application and opposition were referred by the governor to the First District Court. A supplemental petition was afterwards filed, by which judgment was asked against the defendants for the sum of $1200, for damages alleged to have been sustained by the plaintiff through the neglect of duty of *Winters*, in making the sale, by reason of which the sale to him was annulled. To this the general issue is pleaded. The plaintiff was non-suited, and he has appealed.

It appears to us that there is no evidence of the damage sustained by the plaintiff through the acts of *Winters*.

In relation to the remedy of the plaintiff against the defendants, as sureties, for the return of the purchase money alleged to be paid by him, it is still open to him. In the present case, if the sheriff's deed was offered to prove the fact of payment, and refused to be admitted by the judge for that purpose, the plaintiff ought to have excepted to the decision of the court, or have in some form reserved the point. The sheriff's deed was admitted by the judge as evidence of *res ipsa* only, and no exception was taken by the plaintiff to this limited operation of it as evidence. Whatever may be our opinion of the correctness of the view of the district judge on this question, we cannot remand the case on that account, and thus amerce the defendants in costs. The non-suit must therefore stand.                    *Judgment affirmed.*